IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BRENDA K. VESTAL,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:18-00422

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is plaintiff's motion to reopen this case and reconsider its Order of July 5, 2018. See ECF No. 11). At the urging of and with the permission of the court, see ECF No. 12, plaintiff has filed a supplemental motion to reopen and reconsider. See ECF No. 13.

    This case was dismissed pursuant to Federal Rule of Procedure 4(m) based upon plaintiff's failure to timely serve defendant. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or enter an order that service be made within a specified time. But if the plaintiff shows good cause for the failure to, the court must extend the time for service for an appropriate period." As contemplated by the rule, the court entered a Notice of Failure to Serve on June 19, 2018. Counsel for plaintiff insists that she did not receive the

court's notice and most of her filings since the case was dismissed have focused upon the alleged nonreceipt of that notice.  However, and as the court pointed out in its Memorandum Opinion and Order of July 12, 2018, see ECF No. 12, plaintiff still has not given a reason, much less shown good cause, for her failure to serve defendant within 90 days.  By the time the court entered its notice on June 19, 2018, the 90 days had already run and plaintiff should have already served defendant by the time she got the court's notice.  So, even if plaintiff had received the notice on or about June 19, 2018, she still would have had to explain her failure to make service within 90 days or the case would have been dismissed.  In other words, plaintiff still has to comply with the Notice of Failure to Serve.

As of this date, the court still has no idea why plaintiff did not serve defendant within 90 days.  And, in order to get an extension of the time for service, plaintiff must show "good cause for the failure" to serve within 90 days.  Federal Rule of Civil Procedure 4(m).  Nonreceipt of the court's June 19, 2018 Notice does not establish "good cause" for the original failure to serve the complaint.[*]

---

[*] At best, it would require that the court revisit its Order dismissing the case because plaintiff allegedly did not receive the notice contemplated by Rule 4(m).  However, plaintiff still would have to show good cause for her failure to serve defendant within 90 days in order to obtain additional time to effectuate service.  A court cannot extend the 90-day period for service without a reason for doing so.

2

In summary, plaintiff's counsel still has not given a reason, much less shown good cause, for her failure to make service within the requisite time period. For this reason, the court is unable to grant the relief requested at this juncture. However, the court will allow plaintiff to once again supplement her motion to demonstrate good cause exists for her failure to timely serve defendant. Any additional filings in support of this motion should be filed within ten (10) days of entry of this Order. **If plaintiff explains why she did not serve defendant within 90 days and the court concludes that plaintiff had a good reason for her failure to do so, the court will reopen this matter and give plaintiff additional time to make service.**

The Clerk is directed to directed to send a copy of this Order to counsel of record.

**IT IS SO ORDERED** this 31st of July, 2018.

ENTER:

David A. Faber
Senior United States District Judge